**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VISALUS, INC.,

    Plaintiff,

v.                                                    Case No. 3:13-cv-107-J-99TJC-MCR

JOHN KNOX and OCEAN AVENUE, LLC.

    Defendants.

This case is before the Court on Plaintiff Visalus Inc.'s ("ViSalus") Motion for Remand (Doc. 9). Defendants John Knox ("Knox") and Ocean Avenue, LLC ("Ocean Avenue") have responded (Doc. 22), and ViSalus has replied (Doc. 23). Because the forum defendant rule does not preclude removal of this case, the Motion is due to be denied.

**I.  BACKGROUND**

Plaintiff ViSalus brought suit in the Fourth Judicial Circuit in and for Duval County, Florida, alleging claims for breach of contract and tortious interference arising out of Knox's departure from ViSalus to go to work for Ocean Avenue. (See Complaint, Doc. 2 at 1-2.) Before being served with the Complaint, Ocean Avenue removed the action to federal court based on 28 U.S.C. §§ 1332 and 1441(b), and Knox consented. (Doc. 1 at 1-2.)

In its Motion to Remand, ViSalus makes one principal argument: that removal was improper under the forum defendant rule because Defendant Knox is a citizen of Florida.[1]

---

[1] ViSalus is a corporation organized under Delaware law, with its principal place of business in Michigan. (Compl. at ¶ 2.) Ocean Avenue is a limited liability company organized under the laws of Wyoming, with its principal place of business in Utah, and its

(Doc. 9 at 3-5.) ViSalus does not dispute there is complete diversity between the parties, that the amount in controversy exceeds $75,000,[2] or that Knox is properly joined. Thus, the question is whether the forum defendant rule precludes removal regardless of whether Knox was served prior to removal.

## II.   DISCUSSION

The forum defendant rule is derived from 28 U.S.C. § 1441(b), which governs the removal of a state action to federal court by a defendant. Section 1441(b)(2) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>.

28 U.S.C. § 1441(b)(2) (emphasis added). Therefore, a defendant may not remove a case that was brought in a Florida state court if any of the defendants, "properly joined and served," are citizens of Florida. ViSalus concedes that it did not serve Knox, a citizen of Florida, before Ocean Avenue removed the case. (Doc. 9 at ¶¶ 3, 4.) However, ViSalus argues that "applying a strict interpretation of § 1441(b) and allowing Ocean Avenue to eviscerate the forum defendant rule merely because [Knox] was allegedly not yet served at the time of Ocean Avenue's hasty removal 'would amount to an absurd result, demonstrably at odds with Congressional intent.'" (Id. at 3-4 (quoting Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 642 (D.N.J. 2008).)

---

members are citizens of Utah, Canada, Texas, or Iowa. (Doc. 1 at ¶ 11.) Knox is a citizen of Florida.

[2] At the hearing held July 1, 2013 (Doc. 39), the Court satisfied itself that the $75,000 threshold has been met.

2

ViSalus properly recognizes that courts are split in their application of section 1441(b) when a forum defendant is properly joined but not served before removal. (Id. at 4; Doc. 23 at 2); North v. Precision Airmotive Corp., 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (Presnell, J.). ViSalus also acknowledges that "a strict interpretation of 28 U.S.C § 1441(b)(2) is the majority view." (Doc. 23 at 2); North, 600 F. Supp. 2d at 1268 ("Hewing closely to the unambiguous text of Section 1441(b), the majority of courts . . . have concluded that a non-forum defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant.") (collecting cases). In North, Judge Presnell of this Court declined to rely on "murky" or "non-existent" legislative history when the language of the statute is "perfectly clear and unambiguous." Id. at 1269-70. The court held that the plain language of section 1441(b) controls; thus "in a completely diverse case . . . a non-forum defendant that has not yet been served may remove a state court action to federal court under Section 1441(b) notwithstanding the fact that the plaintiff has already joined–but not yet served–a forum defendant." Id. at 1270. These are the facts of this case. Ocean Avenue, a non-forum defendant that had not yet been served, removed the state court action notwithstanding the fact that ViSalus had joined–but not yet served–Knox, a forum defendant.[3] (Doc. 1 at 1-2.)

Plaintiff urges the Court to be persuaded by Sullivan v. Novartis Pharmacy Corporation, in which the court "look[ed] past the plain meaning of § 1441(b) in order to avoid an absurd and bizarre result which Congress could not have intended"—rewarding

---

[3] Removal is likely proper even if the non-forum defendant had been served before removal, so long as the forum defendant had not been served, but the Court need not reach that issue.

3

defendants for "conducting and winning a race." Sullivan, 575 F. Supp. 2d at 646. The Sullivan court, finding no legislative history regarding the "properly joined and served" language, was guided by the purpose of this requirement in light of the policy of remand, the practical application of the provision, and "common sense." Id. at 644.

While the appeal to "common sense" is tempting and although Knox was served just two hours after Ocean Avenue filed its notice of removal, the undersigned will follow Judge Presnell's lead and apply the plain meaning of the statute.

Accordingly, it is hereby

**ORDERED:**

Plaintiff Visalus Inc.'s Motion for Remand (Doc. 9) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on this 9th day of July, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

sa.

Copies:

Counsel of Record