UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VISALUS, INC.,

    Plaintiff,

v.                                                    CASE NO. 3:13-cv-107-J-39MCR

JOHN KNOX and OCEAN AVENUE LLC,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Motion for Default Final Judgment, Attorneys' Fees, and Costs against Defendant, John Knox ("Motion") (Doc. 99),[1] seeking a default judgment for damages in the amount of $434,248.50, attorneys' fees in the amount of $168,298.10, costs in the amount of $37,066.64, and a permanent injunction against Defendant Knox extending the terms of the Consent Injunction and Order entered on July 17, 2013, until July 17, 2014, and requesting that the Court reserve jurisdiction to enforce the default judgment (*id.* at 6). For the reasons stated herein, the Motion is due to be **DENIED without prejudice**.

---

[1] Because there is no apparent reason for filing this Motion *ex parte*, the Order on the Motion will be entered on the public docket. If Plaintiff files a new *ex parte* motion for default judgment in accordance with this Order, it shall explain why an *ex parte* filing is necessary. To the extent any such motion includes confidential materials subject to a protective order, such materials can be filed under seal after obtaining leave of Court pursuant to Local Rule 1.09.

## I.     Background

Plaintiff filed this case against Defendants, John Knox ("Knox") and Ocean Avenue LLC ("Ocean Avenue"), in state court on January 25, 2013. (*See* Docs. 1, 2.) On January 29, 2013, Ocean Avenue removed the case to this Court. (Doc. 1.) The Verified Complaint for Injunctive and Other Relief ("Complaint") includes claims for breach of contract (breach of non-compete agreement, distributor agreement and IP agreement) against Knox, and for tortious interference with business relationships against Knox and Ocean Avenue. (Doc. 2.)

On November 22, 2013, Defendants' counsel filed a Motion to Withdraw, seeking leave to withdraw as counsel for Defendant Knox.[2] (Doc. 70.) On December 3, 2013, the Court entered an Order setting the matter for a hearing. (Doc. 73.) When Defendant Knox did not appear at the December 17, 2013 hearing, despite being directed to do so (*see* Doc. 78), on December 18, 2013, the Court granted counsel's Motions to Withdraw (*see* Doc. 79), and entered an Order to Show Cause, directing Defendant Knox to respond no later than January 10, 2014, why sanctions should not be imposed, including entry of default, against him for his failure to comply with the Court's Order (*see* Doc. 80). Defendant Knox failed to respond to the Order to Show Cause and, as a result,

---

[2] On December 16, 2013, a second Motion to Withdraw as counsel for Defendant Knox was filed with the Court. (Doc. 77.)

on January 16, 2014, the Court entered an Order directing Plaintiff to file a motion for entry of a Clerk's default against Defendant Knox no later than January 31, 2014. (Doc. 85.) On January 17, 2014, Plaintiff filed a Motion for Entry of Clerk's Default as to Defendant Knox. (Doc. 86.) Defendant Knox's response to that Motion was due February 3, 2014. (*See* Doc. 88.) Defendant Knox did not file a response and, on February 5, 2014, the Clerk of Court entered a default against him. (*See* Docs. 89, 90.) On May 7, 2014, Plaintiff filed the present Motion. (Doc. 99.)

## II.   Analysis

A review of the docket demonstrates that although a default has been entered against Defendant Knox, Plaintiff's claim against Defendant Ocean Avenue is still pending before the Court. A pretrial conference is scheduled for October 22, 2014, and a bench trial is set for the trial term commencing on November 3, 2014. (*See* Doc. 91.) Because Plaintiff's claim against Ocean Avenue is still pending, the Court is precluded from entering a default judgment against Defendant Knox at this stage of the proceedings in light of the provisions of Rule 54(b) of the Federal Rules of Civil Procedure and the Supreme Court's decision in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

> Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part:
>
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final

> judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*.

Fed. R. Civ. P. 54(b) (emphasis added).

In determining whether to certify a judgment under Rule 54(b), a district court must engage in a two-step analysis. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). "A district court must first determine that it is dealing with a 'final judgment.'" *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Only then may the court proceed to the second step "to determine whether there is any just reason for delay." *Id.* at 8. The determination of whether there is no "just reason for delay" is left to the discretion of the district court. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777-78 (11th Cir. 2007); In re *Se. Banking Corp.*, 69 F.3d 1539, 1550 (11th Cir. 1995). In deciding whether there is no "just reason for delay," the Court should consider "the historic federal policy against piecemeal appeals" and "the equities involved." *Lloyd Noland*, 483 F.3d at 778 (internal quotation marks omitted).

Assuming Plaintiff has satisfied the first step of the two-part inquiry by seeking a default final judgment against Defendant Knox, Plaintiff has not shown there is no just reason for delay. In fact, Plaintiff has not even addressed this issue. Pursuant to *Frow*, the Court is prohibited from entering a default judgment against less than all Defendants until the case is adjudicated as to the remaining Defendant. *See Frow*, 82 U.S. at 554. Because "*Frow* has been interpreted to

apply only where there is a risk of inconsistent adjudications," *Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) (per curiam), and it appears there is such a risk in this case,[3] the Motion is due to be denied without prejudice to refiling at a later time.

In light of this conclusion, the Court need not address the merits of the Motion. However, if Plaintiff files a new motion for default judgment against Defendant Knox, the motion must comply with all applicable Local Rules. For example, Local Rule 3.01(a) requires a memorandum of law to be included in every motion filed with the Court. Even when a default is entered, a plaintiff must establish the grounds for a default judgment by showing the complaint adequately establishes subject matter jurisdiction over the action and sufficiently states a claim for relief against the defendant as to each count for which a default judgment is sought.[4] Only after this showing is made, the Court will address the issue of damages and attorneys' fees and costs.

Plaintiff is reminded it is its burden to produce satisfactory evidence that the requested hourly rates are in line with prevailing market rates and that the time expended on the case is reasonable, *Norman v. Housing Authority of City of*

---

[3] For example, Plaintiff has alleged a claim for tortious interference with business relationships against both Knox and Ocean Avenue, and given that Knox was employed by Ocean Avenue, there is some overlap in the allegations with respect to the two Defendants.

[4] Plaintiff's new motion for default judgment must state, *inter alia*, the elements of each claim and how they are met.

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988), as well as to show its entitlement to a permanent injunction.  It is also Plaintiff's burden to demonstrate compliance with the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App'x § 501 *et seq.*[5]

Finally, any new motion for default judgment shall not be filed *ex parte*, unless Plaintiff has provided an explanation for such filing, which is supported by relevant legal authority.  In the absence of such an explanation, the motion shall be served on the subject defendant in order to reduce the likelihood of a later attack on the judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.  Although Rule 5(a)(2) of the Federal Rules of Civil Procedure does not require service on a party who is in default for failing to appear, Defendant Knox was not defaulted for failing to appear, but rather for failing to respond to the Court's Orders.  Therefore, the best practice is to serve Defendant Knox with the new motion.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 99**) is **DENIED without prejudice**.

---

[5] Without expressing an opinion on the sufficiency of the Declaration of Non-Military Service attached to the Motion, the Court notes that the Status Report from the Department of Defense Manpower Data Center, on which the Declaration relies, contains a bold disclaimer that "without a social security number, the Department of Defense Manpower Data Center cannot authoritatively assert that this is the same individual that your query refers to.  Name and date of birth alone do not uniquely identify an individual." (Doc. 99-4 at 4.)

**DONE AND ORDERED** at Jacksonville, Florida, on May 15, 2014.

/s/ Monte C. Richardson
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

John Knox
1228 Edgewater Drive
St. John's, FL 32259

John Knox
3701 Danforth Drive, Apt. 317
Jacksonville, FL 32224-5215

John Knox
13456 Troon Trace Lane
Jacksonville, FL 32225